

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,593-01

## EX PARTE SYED MOHMED RABBANI, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 489811-A IN THE 262ND CRIMINAL DISTRICT COURT HARRIS COUNTY

*Per curiam.*

### O P I N I O N

We have before us a postconviction application for a writ of habeas corpus filed under Texas Code of Criminal Procedure Article 11.07.[1]

---

[1] Unless otherwise indicated, all mentions of Articles in this opinion refer to the Texas Code of Criminal Procedure.

As explained below, the application before us was filed in July 1994, before the effective date of Article 11.071. So, although the defendant in this case was sentenced to death, he properly filed his application under Article 11.07. In 1994, the Texas Code of Criminal Procedure referred to a filing made under Article 11.07 as a "petition." *See* Art. 11.07, § 2 (West 1994). Today, the Code would refer to such a filing as an "application." *See* Art. 11.07, § 1 (West 2022); Art. 11.071, § 1 (West 2022). For consistency's sake, and purely as a matter of nomenclature, we will use the terms "application" and "Applicant."

In July 1988, a Harris County jury found Applicant guilty of capital murder. Based on the jury's answers to the special issues set forth in Article 37.071, the trial court sentenced Applicant to death. On direct appeal, Appellant raised seventeen points of error. In an opinion only part of which was designated for publication, this Court rejected Applicant's points of error and affirmed his conviction and sentence. *See Rabbani v. State*, 847 S.W.2d 555 (Tex. Crim App. 1992) (published portion); *Rabbani v. State*, No. AP-70,455 (Tex. Crim. App. Sept. 23, 1992) (portion not designated for publication).

Applicant filed this habeas application in July 1994. In September 1994, the habeas judge received a psychiatric report reflecting that Applicant was not competent to be executed. *See Ford v. Wainwright*, 477 U.S. 399, 409–10 (1986). Resultingly, the State declined to answer Applicant's 11.07 application. The record before us suggests that, because the State did not answer Applicant's 11.07 application, the habeas proceedings were effectively held in abeyance. This Court did not receive Applicant's 11.07 application until August 2022.

In his application, Applicant raises seventeen claims for postconviction relief:

**Claim 1.** Petitioner is entitled to relief in that he was deprived of a fair trial under the Fifth, Sixth, and Fourteenth Amendments by the trial court's action in granting the State's challenge for cause of venireman, Timothy A. Faison.

**Claim 2.** Petitioner is entitled to relief because the trial court erred when sentencing the petitioner to death in violation of the Eighth and Fourteenth Amendments to the United States Constitution because the trial court failed to instruct the jury on how to weigh mitigating factors in answering the special issues submitted to them [citing *Penry v. Lynaugh*, 492 U.S. 302 (1989)].

**Claim 3.** Petitioner is entitled to relief because the trial court abused its discretion in refusing to permit the petitioner to reopen [the presentation of evidence] and testify at his own trial.

**Claim 4.** The trial court deprived petitioner of his state and federal constitutional right to testify when it refused petitioner's request to testify in his own behalf.

**Claim 5.** Petitioner was deprived of a fair trial because the trial court received prejudicial evidence of the separate extraneous offense of possession of marijuana by petitioner prior to the case on trial.

**Claim 6.** Petitioner was deprived of a fair trial because the trial court received prejudicial evidence of the separate extraneous offense of auto theft by petitioner prior to the case on trial.

**Claim 7.** Petitioner was deprived of a fair trial in that the trial court erred in admitting inadmissible hearsay testimony that suggested the commission of extraneous offenses by petitioner.

**Claim 8.** The trial court denied petitioner a fair trial by failing to grant petitioner's motion for mistrial and in the alternative to quash the testimony of firearms expert, Charlie Anderson.

**Claim 9.** Petitioner was deprived of a fair trial by the trial court's admission of inadmissible hearsay testimony against petitioner.

**Claim 10.** Petitioner was deprived of a fair trial by the trial court's action in permitting the introduction of hearsay testimony against petitioner.

**Claim 11.** The prejudicial jury argument of the prosecutor injecting her own unsworn belief about a portion of the evidence requires the reversal of petitioner's death sentence.

**Claim 12.** The prejudicial jury argument of the prosecutor injecting her own unsworn belief about a portion of the evidence deprived petitioner of a fair trial.

**Claim 13.** The prejudicial jury argument of the prosecutor violating a mandatory statute requires the reversal of petitioner's death sentence.

**Claim 14.** Petitioner was deprived of a fair trial due to the gross negligence of the law enforcement agency investigating this case.

**Claim 15.** The trial court deprived petitioner of a fair trial by admitting evidence of a bullet found at the crime scene over petitioner's objection.

**Claim 16.** The evidence was insufficient to sustain petitioner's conviction for the offense of capital murder.

**Claim 17.** Petitioner's death sentence violates the Eighth and Fourteenth Amendments to the United States Constitution [citing *Enmund v. Florida*, 458 U.S. 782 (1982)].

Significantly, Applicant's postconviction claims are duplicates of his direct-appellate points of error.

Reviewing Applicant's 11.07 application earlier this year, we concluded that only claim two, a *Penry* claim, *see Penry v. Lynaugh*, 492 U.S. 302, 328 (1989), alleged facts that if true might entitle Applicant to relief. We therefore remanded claim two to the convicting court for findings of fact and conclusions of law illuminating that claim. We also explained that claims one and three through seventeen were procedurally barred and so directed the convicting court not to develop them. *Ex parte Rabbani*, No. WR-86,593-01 (Tex. Crim. App. Apr. 19, 2023) (not designated for publication) (*passim*).

On remand, the State submitted proposed findings of fact and conclusions of law indicating that, in the State's view, Applicant suffered reversible *Penry* error at trial. Applicant, agreeing, submitted a "supplemental authorities" brief for the convicting court to review. Reviewing these submissions, the convicting court adopted the State's proposed findings and conclusions. And so, having found that Applicant suffered reversible *Penry* error at trial, the convicting court has returned this case to this Court with a recommendation that this Court grant Applicant a new punishment proceeding.

We agree with the convicting court: Reversible *Penry* error occurred here. *See Penry*, 492 U.S. at 328. So, with the parties' agreement and on the convicting court's recommendation, relief is granted: The death sentence in cause number 489811 is set

aside. To the extent that Applicant's remaining habeas claims challenge the jury's guilty verdict, those claims are denied as procedurally barred. *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("Generally, a claim which was previously raised and rejected on direct appeal is not cognizable on habeas corpus."). The guilty verdict remains in place.

Applicant is remanded to Harris County for a new punishment proceeding.

Delivered: September 6, 2023
Do Not Publish